**SAMUEL GEORGE and TERRENCE BRADY, Plaintiffs**

v.

**WEST INDIES INSURANCE COMPANY, Defendant**

Civil No. 38-1961

Municipal Court of St. Thomas and St. John

June 12, 1961

ALPHONSO A. CHRISTIAN, ESQ., *for plaintiffs*
DANIEL W. AMBROSE, ESQ., *for defendant*
MICHAEL, *Municipal Judge*

This action was instituted by plaintiffs Samuel George and Terrence Brady to recover upon an automobile insurance contract, against the West Indies Insurance Company.

Terrence Brady appeared both for himself and as attorney-in-fact for Samuel George. Defendant appeared by its representative. Both parties were represented by counsel.

Reduced to essentials, the facts of this case are simple. An insurance policy covering an automobile was issued by the West Indies Insurance Company to one Samuel George, one of the plaintiffs herein, for a period of one year, from November 6, 1959 to November 5, 1960. Within this period Samuel George transferred an interest in the insured vehicle to Terrence Brady.

The document or receipt received by Terrence Brady from Samuel George evidencing the transaction, and

marked plaintiffs' Exhibit No. 3, recites that the money received was "on a partnership on a car 2990." This receipt is dated June 30, 1960. The automobile mentioned in this receipt is the same one insured under the policy which is before the court.

The record of the Traffic Bureau, Department of Public Safety, which was offered in evidence by plaintiffs, indicates that on the same date, June 30, 1960, a change of ownership in this automobile was recorded. This record, which theretofore showed Samuel George to be the "owner", was changed to show ownership in "Terrence Brady and Samuel George."

The court has compared the signature of Samuel George on the record of the Department of Public Safety mentioned above, with that on plaintiffs' Exhibit No. 3, the receipt given to plaintiff Terrence Brady by Samuel George, and is satisfied that they were written by one and the same person.

After this transfer, Samuel George left the jurisdiction under deportation order of the U. S. Immigration and Naturalization Service.

On July 27, 1960, less than a month after this recorded transfer of interest in the vehicle took place, there was a collision between the car of the plaintiffs and one owned by one Alphonse Gooding.

Upon application for payment for damages by plaintiff Terrence Brady to the defendant, the West Indies Insurance Company, the company denied liability. Plaintiffs Samuel George and Terrence Brady were sued in the District Court of the Virgin Islands and judgment entered against them. After entry of this judgment in the amount of $863.50, plus $100.00 attorney's fee and costs, a total of $993.50, defendant was again requested to pay and again the request was denied. Thereupon this suit was brought.

In its answer the defendant insurance company denied liability under the contract of insurance on the

ground that there was a violation of the same on the part of both plaintiffs, the company not having insured a partnership.

As during the trial of the case this defense was understood by all to mean violation of Par. 23 of the insurance policy and no objection thereto having been made as to its being discussed and improperly pleaded, the point raised in plaintiffs' brief about improperly pleaded defense is not well taken.

■ The defendant further alleges that the judgment rendered in the District Court against Samuel George, the insured, one of the plaintiffs, under Civil No. 143-1960, which forms the basis of this action for breach of contract, is a money judgment rendered against him; that he was not served with process in this jurisdiction, as shown by return of summons on file, and he entered no appearance. The defendant thereby implies that the judgment as against Samuel George is null and void.

Defendant also contends that plaintiff Samuel George is a necessary party to defendant's proper defense to the action, and it is the duty of the plaintiff to produce the said Samuel George.

The court does not believe there is merit to the contention that the judgment obtained in the District Court was null and void as against Samuel George. The two defendants, for the purpose of the case before the District Court, were partners or joint owners in the insured automobile, as shown by plaintiffs' Exhibit No. 3, and the record in the office of the Department of Public Safety, and as such the rule is, when one of the partners is absent and out of the jurisdiction so that service cannot be made upon him, service on the other partners will be allowed and is sufficient, at least to subject the partnership property to payment of the debt sued upon. 40 Am. Jur. Partnership

§ 437, p. 434. Moreover, this Court is not the forum in which to raise this question.

The court does not believe that Samuel George is a necessary party to plaintiffs' case. The appearance of the one partner, and by power of attorney for the other, was sufficient. If the defendant believe Samuel George to be a necessary party to its case, as alleged, the burden was upon it to produce him as a witness on its behalf.

The issue in this case is whether the transfer of an interest in the automobile owned by Samuel George, the "insured", to Terrence Brady, without the consent of the insurer, violated Par. 23 of the contract of insurance, and if so, whether the breach gave the insurer the right to avoid the contract.

Plaintiffs allege and their attorney argues that under Par. K of the contract of insurance—"Exclusions"—certain enumerated coverages are excluded; that Coverage B, which is a third party liability for damages and under which they are claiming, is not excluded. They therefore contend that the insurer is liable under Coverage B, notwithstanding the assignment of interest of Samuel George to Terrence Brady.

Plaintiffs also claim that under Par. III, which defines the term "insured", plaintiff Terrence Brady was covered, being a partner of Samuel George.

Par. 23, which is a condition subsequent, provides that "Assignment of interest under this policy shall not bind the company until its consent is endorsed hereon."

Par. K states that the policy does not apply "under coverages D, E, F, G, H, I and J if the automobile is or at any time becomes subject to any bailment lease, conditional sale, purchase agreement, mortgage, or other encumbrances not specifically declared and described in this policy."

■ This paragraph clearly enumerates the coverages to which the policy *does not* apply. By construction we must

therefore conclude that the policy *does* apply to Coverage B under this paragraph. However, as we all know, the policy must be considered and construed as a whole, and when Par. 23 is read in conjunction with Par. K, it definitely shows that while the policy covers Coverage B under Par. K, assent of the insurer under Par. 23 is necessary. In other words, while all the coverages enumerated in Par. K under exclusions are ruled out without recourse, Coverage B is not, but recovery may be had thereunder with the consent of the company. For example, if insurer consent to an assignment, an insured could recover under Coverage B, but not under the excluded coverages enumerated under Par. K.

To have excluded Coverage B outright with the other exclusions enumerated in Par. K would have been to defeat an important coverage in automobile insurance and render the policy almost valueless. The same thing is true as to Coverages A and C, which are also not included among the excluded coverages under Par. K.

In Par. III, the pertinent parts read as follows:

"Definition of Insured: (a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either. The insurance with respect to any person or organization other than the named insured or such spouse does not apply:

"(1) to any person or organization, or to any agent or employee thereof, operating an automobile sales agency, repair shop, service station, storage garage or public parking place, with respect to any accident arising out of the operation thereof, but this provision does not apply to a resident of the same household as the named insured, to a partnership in which

311

such resident or the named insured is a partner, or to any partner, agent or employee of such resident or partnership."

It appears very clear upon reading this "omnibus" clause, as it is usually called, especially Par. III Subpar. (1), that the partner or partnership referred to therein could not be construed to mean a partner or partnership which came into being by virtue of an assignment of an interest under the policy without the consent of the insurer, contrary to the condition subsequent contained in the policy and to which the insured agreed.

If Samuel George and Terrence Brady were partners in property insured under the policy, an assignment of the interest of one to the other would have been one covered under this clause, without the necessity of any consent by the insurer. In the case of Dermani v. Home Mutual Insurance Co., 21 Am. Rep. 544, it was held that an assignment or transfer from one partner to another of his interest in the insured property would not avoid the policy. In that case, however, the property insured was partnership property at the time of the issuance of the policy, being one issued on the "merchandise belonging to the commercial firm of Joseph H. Taboury & Co."

The court said in that case: "It is true the clause expressly prohibits the transfer by sale or otherwise of the policy; but it does not expressly prohibit a change of interests among the partners, nor does it expressly prohibit the assignment of the interests of one partner to the other. If the defendant had intended to place such a limitation upon the rights of the assured, the intention should have been expressed in the instrument, and not left to inference, because a prohibitory clause cannot be extended by implication." In that case, it must be borne in mind, the "assured" referred to in the last sentence was the firm of Joseph H. Taboury & Co.

It might be well to here remark that while the partner-

ship between the two plaintiffs herein was good for purposes of the suit in the District Court, it is without standing as such under the policy of insurance.

Samuel George insured his automobile with himself as sole owner, as shown by the policy in evidence. One of the conditions subsequent, to which he agreed, was to the effect that no assignment of interest under the policy would bind the company until its consent was endorsed thereon. This clearly means that the company would not be liable in damages if any assignment was made without its consent, or until such consent was endorsed on the policy. The moment such an assignment was made without the insurer's consent, the company was in a position to exercise its right of avoidance under Par. 23, which it did in denying liability upon being informed of the assignment and subsequent collision of the insured property.

Most policies expressly provide for avoidance in case of change of interest without insurer's consent. The purpose in back of such provisions is to provide against changes which might lessen the interest of the insured in protecting and guarding the property. 29 Am. Jur. Insurance § 630, p. 505.

In the case at bar the insured was about to leave the jurisdiction when he made the assignment. He knew he could not return. He could not, therefore, protect or guard the insured property. There is nothing wrong in an assignment per se, but the insurer should have the opportunity of knowing who is the assignee, so that it could either accept or reject him. Par. 23 provides for this opportunity, and the insured agreed to it. Naturally, if the assignee is rejected, the unearned premiums should be refunded to the insured, as provided under Par. 24—cancellation of the policy.

Provisions requiring consent of the insurer before he is bound, such as the one under consideration, or sub-

stantially similar, are considered reasonable and valid, and the word "interest" as used in such a provision means any right less than title, and applies only where the insured owns a right in the property less than title. 29 Am. Jur. Insurance § 630, p. 505; Stenzel v. Penn. F. Ins. Co. 98 Am. St. Rep. 481. Such is the case before the court here. The insured, Samuel George, owned a right less than title in the insured automobile when it collided with the other car.

Counsel for plaintiffs contends that even if the company is not bound to honor the claim of Terrence Brady as a principal, it is bound to honor the claim of Samuel George as a principal. The court does not agree with this reasoning, because the avoidance provided for in Par. 23 clearly states that "assignment of interest . . . shall not *bind the company*". (Underscoring supplied.) Surely, such a provision needs no interpretation, for not to be bound in an insurance policy with reference to the insurer, means not to be liable. And to say that the company is liable to one and not the other in the case before us would be doing violence to the obvious meaning of the words "shall not bind."

It is true, as attorney for the plaintiffs points out in his brief, that insurance policies are strictly construed, and where there are ambiguities they are construed in favor of the insured. In this case, however, the court finds no ambiguities in the important or pertinent provisions of the policy.

It is the opinion of the court, therefore, that defendant legally exercised its right of avoidance provided in Par. 23 of the insurance policy when it denied liability thereunder, upon being informed of the assignment, and as a consequence judgment will be entered denying plaintiffs' relief.

However, plaintiff Samuel George is entitled to a refund of unearned premiums from June 30, 1960, the date of the

assignment, to November 5, 1960, the expiration date of the insurance policy, and the judgment will so provide.